PER CURIAM.
The State of Florida’s Agency for Health Care Administration (AHCA) appeals an order of the Division of Administrative Hearings (DOAH) that excused Elsa and Eric Hunt and the Estate of their son, Ethan Hunt (the Hunts), from repaying Medicaid-covered medical expenses after they settled a wrongful death lawsuit. We reverse and remand for DOAH to calculate the amount of recovered medical expenses payable to the agency.

Facts

After Ethan Hunt experienced a neurological injury and severe disabilities arising from birth complications, he received medical care paid by AHCA through the Medicaid program. AHCA recorded a Medicaid lien in 2005 related to the Medic *869 aid payments, and was automatically sub-rogated to and assigned rights to recover medical expenses from liable third parties. See § 409.910(6), Fla. Stat.[1] The Hunts later filed a wrongful death action against health care providers arising out of Ethan’s death. They ultimately received a substantial settlement from the litigation, including sums attributable to Ethan’s medical expenses.
After the settlement, the parties disputed the amount that AHCA should be reimbursed for Medicaid-provided medical assistance. Availing themselves of the statutory dispute settlement regime, the Hunts placed settlement funds in an interest-bearing trust account for the benefit of AHCA and filed a petition with DOAH on December 6, 2013, “contest[ing] the amount designated as recovered medical expense damages payable to the agency.” § 409.910(17)(b), Fla. Stat. Under the statute, the Hunts bore the burden of proving that a lesser amount was due than the amount asserted by AHCA. Id.
The Hunts’ petition claimed that the roughly $315,000 sought by AHCA was too high based on the wrongful death litigation settlement received by the Estate. They asked DOAH to limit AHCA’s recovery by calculating “the amount owed ... based on the Estate of ETHAN HUNT’S $162,000 settlement amount and the Estate’s $15,559.01 in costs.” At the final hearing, however, the Hunts altered their argument. Instead of merely claiming that AHCA’s medical expense recovery amount should be limited, they argued that AHCA should receive nothing at all because its lien had expired and it hadn’t yet sought to enforce its subrogation and assignment rights. See § 409.910(ll)(h), Fla. Stat. (providing that enforcement of rights “shall be commenced within 5 years after the date a cause of action accrues”).[2] The Hunts’ argument prevailed and the Final Order concluded that AHCA should take nothing.

Analysis

We now reverse because the Administrative Law Judge’s (ALJ’s) responsibility under the statute was to resolve the amount of medical expenses reimbursable to AHCA, irrespective of the unalleged statute of limitations defense that the Hunts might assert in an enforcement proceeding. When the Hunts invoked DOAH’s jurisdiction under § 409.910(17)— many months before the statute of limitations deadline cited in the Final Order— the Hunts did not attack- AHCA’s right to reimbursement. Rather, the Hunts conceded an obligation to reimburse AHCA out of the settlement funds designated for medical expenses. Their petition acknowledged, for instance, that Ethan had received Medicaid-funded care; that rights to recover medical expenses had been assigned to AHCA; and that the settlement included a significant sum for Ethan’s Estate in satisfaction of his medical expenses. The Hunts had also placed the subrogated *870 and assigned funds into a trust for AHCA’s benefit before filing their petition; an act considered “final agency action and notice thereof’ by § 409.910(17)(b). Under the Hunts’ petition, all that remained of 'the parties’ dispute was for DOAH to decide between competing views of the correct reimbursement amount, per the statute’s provision of an “exclusive method for challenging the amount of third-party benefits payable to the agency.” § 409.910(17)(b), Fla. Stat. (emphasis added). The Hunts belated argument at the final hearing to zero-out AHCA’s reimbursement was not appropriate under these circumstances. That a date passed in the period between the final hearing and issuance of the Final Order that may have affected AHCA’s ability to recover in an enforcement action did not alter DOAH’s jurisdiction or responsibility to determine the reimbursement amount in accordance with the statute, and as the Hunts framed the issue in their petition.
We thus REVERSE and REMAND for the ALJ to determine the amount payable to AHCA in satisfaction for the medical expenses paid by Medicaid.
ROBERTS, WETHERELL, and OSTERHAUS, JJ., concur.

. Section 409.910(6) provides, in pertinent part:
(a) The agency is automatically subrogated to any rights that an applicant, recipient, or legal representative has to any third-party benefit for the full amount of medical assistance provided by Medicaid.
⅜ ⅜ * ⅜ ⅜ ⅜
(b) By applying for or accepting medical assistance, an applicant, recipient, or legal representative automatically assigns to the. agency any right, title, and interest such person has to any third-party benefit, excluding any Medicare benefit to the extent required to be excluded by federal law.'
1. The assignment granted under this paragraph- is absolute, and vests legal and equitable title to any such right in the agency, but not in excess of the amount of medical assistance provided by the agency.

. The five-year period identified by the statute was to expire one week after the final hearing, on May 20, 2014.